```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| MAYELITH HURTADO AND CARLOS HURTADO | CIVIL ACTION |
| VERSUS | NO: 07-8671 |
| RIVERSIDE COURT CONDOMINIUM ASSOCIATION PHASE II, INC., T. RHODES REALTY, INC., STATE FARM FIRE AND CASUALTY COMPANY AND FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY | SECTION: "J" |

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion to Enforce Settlement with Defendant and for Statutory Penalties. (Rec. D. 102). Having considered the motion and legal memoranda, the record, and the law, the Court finds that Plaintiffs' Motion to Enforce Settlement with Defendant State Farm and for Statutory Penalties is **DENIED.**

**BACKGROUND**

The Plaintiffs, Mayelith and Carlos Hurtado owned a condominium in Riverside Court Condominiums prior to Hurricane Katrina. (Rec. Doc. 105 ) After Hurricane Katrina, Plaintiffs sued State Farm Fire and Casualty Insurance Company (hereafter "State Farm") claiming they had not been fully reimbursed for hurricane damages. Id. On August 14, 2009, the parties participated in a successful settlement conference with Magistrate Judge Knowles. (Rec. Doc. 98). An agreement was reached. Id.

The Plaintiffs move to enforce the settlement they reached and seek statutory penalties for the failure by State Farm to fund the settlement. (Rec. Doc. 102) The Plaintiffs allege that State Farm has failed to fund the settlement pursuant to the terms and conditions read into the record during the settlement conference before Magistrate Judge Knowles. This failure to fund the settlement, the plaintiffs allege, has extended beyond the 30-day statutory time limit, entitling them to a $5,000 statutory penalty under La. R.S. 22:1973(B)(2).

The Defendant contends it has done nothing wrong. The Defendant alleges that on September 1, 2009, within the 30-day statutory period, it faxed a settlement release document to Plaintiffs' counsel. (Def. Opp. 2) State Farm asserts that repeated attempts to follow up with the Plaintiffs' counsel went unanswered. Id. Finally, on September 22, 2009, the Defendant issued a check payable to the Plaintiffs, their counsel, and Wells Fargo Bank NA (the Plaintiffs' mortgage company). Id. at 3.

Plaintiffs' counsel then requested a new check be issued without Wells Fargo as a payee. Id. State Farm explained that the policy required Wells Fargo to be listed as a payee. State Farm offered to remove Wells Fargo if Plaintiffs' counsel could provide evidence that Wells Fargo had no interest in the money. Id. Plaintiffs' counsel provided no evidence. Id.

## DISCUSSION

The Plaintiffs argue that the settlement agreement was

read into the record and no mention was made of the settlement release document or of Wells Fargo being a named loss payee on the settlement check. (Rec. Doc. 102). They argue that the settlement was not complied with and a new check should be issued with only the plaintiffs as loss payees. Id. Further, because they have not received satisfactory settlement within the statutory time period, they are entitled to a $5,000 penalty. Id.

State Farm argues that the insurance policy and Louisiana law require Wells Fargo to be a loss payee. (Def. Opp. 4-5) The fact that the settlement was read into the record does not negate the terms of the policy. Id. State Farm argues that the policy governs how payments are made and State Farm at no time stated that participation in the settlement was outside the terms of the policy. Id. State Farm further contends that the plaintiffs are not entitled to statutory penalties. Id. at 5-6.

The Court is persuaded that State Farm acted properly. The Plaintiffs' insurance policy named Wells Fargo as a mortgagee and required that any loss payable be paid to the Plaintiffs and the mortgagee. (Def. Opp. 4). Further, Louisiana law required Wells Fargo to be named as a loss payee. "It is well established as the law of Louisiana that where insurance is taken out by the mortgagor for the benefit of mortgagee, or is made payable to the mortgagee as his interest may appear, the mortgagee is entitled to the proceeds of the policy to the extent of his mortgage debt, holding the surplus, if any, after the extinguishment of his debt for the

benefit of the mortgagor." <u>Durbin v. Allstate Ins. Co.</u>, 267 So.2d 779, 781 (La. App. 2d Cir. 1972), <u>citing</u> <u>Adams v. Allen</u>, 19 So.2d 578, 580 (La. App. 1st Cir. 1944).

Finally, were State Farm to fail to include Wells Fargo as a payee on the settlement check, it could be exposed to potential liability to Wells Fargo.

The Plaintiffs' argument that the settlement release document and the inclusion of Wells Fargo as a payee were not included as conditions of the settlement agreement is unpersuasive. While the amount to be paid is binding per the settlement conference, it does not follow that the terms of the policy are no longer in effect.

Because State Farm was proactive in trying to dispose of this matter and attempted, within the 30-day statutory period, to fulfill its obligations, it cannot be said that State Farm "knowingly" failed to fund the settlement as required La. R.S. 23:1973(B) to support imposition of statutory penalties. Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Enforce Settlement with Defendant State Farm and for Statutory Penalties** (Rec. Doc. 102) is **DENIED.**

New Orleans, Louisiana this the 28th day of October, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE